IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT S. and DIANE M. TOMCZAK,

                        Petitioners,                OPINION AND ORDER

   v.

                                                  16-cv-310-wmc

UNITED STATES OF AMERICA,
JOHN ANDREW KOSKINEN, Commissioner
of Internal Revenue, and TIYADA WOODWORTH,
Internal Revenue Agent, Eau Claire, WI IRS Office,

                        Respondents.

---

Relying on 26 U.S.C. § 7609(b)(2)(A) and § 7609(h), petitioners Robert and Diane Tomczak have petitioned this court for an order to quash a summons issued by the Internal Revenue Service to their bank, Royal Credit Union. (Dkt #1.) Before the court is the United States' motion to dismiss filed on behalf of all respondents, arguing that the court lacks both subject matter and personal jurisdiction over this dispute, because the United States has not waived its sovereign immunity, as well as service of process has not been adequately effectuated. (Dkt. #2.) While the government's motion to dismiss must be granted, the court takes issue with some of the respondent's arguments. Still, the fact remains that the petitioners did not serve their bank as required by 26 U.S.C. § 7609(b)(2)(B), and as such, the Tomczaks' petition must be dismissed for lack of jurisdiction.

BACKGROUND[1]

In November of 2015, the IRS began a formal audit of the Tomczaks' 2012 and 2013 tax returns based on the suspicion that the Net Operating Loss Carryforward ("NOL") claimed on their business had not been reported correctly. (Resp'ts' Br. (dkt. #2) 4.) Before the formal audit, the Tomczaks had been working with Revenue Agent Tiyada Woodworth of the IRS's Eau Claire Field Office to provide tax information, supporting documentation, and answers to questions regarding those same, disputed returns. (Pet. (dkt. #1) ¶ 7.) Throughout the audit itself, the Tomczaks remained compliant with the requests of the IRS by producing bank deposits, business invoices and in-person responses to Agent Woodworth's questions. (*Id*. at ¶ 8.)

On or about February 29, 2016, Agent Woodworth concluded her report of the Tomczaks' tax returns. (*Id*. at ¶ 13.) Based upon her findings, she determined that adjustments needed to be made to the Tomczaks' 2012 and 2013 returns, increasing their gross income by $35,069 and $51,068, respectively. (*Id*.) These amounts were again adjusted in April 2016, increasing the adjustment almost three fold for 2012 to $96,261 and slightly reducing the adjustment for 2013 to $48,423. (*Id*. at ¶ 18.)

Unsurprisingly, the Tomczaks' relationship with Agent Woodworth soured. The Tomczaks not only asserted that Woodworth's calculations were incorrect, but questioned the accuracy of her data as compared to the information, documentation and records that they had provided. (*Id*. at ¶ 14.) The Tomczaks also believed that Agent

---

[1] Except as otherwise noted, these background facts are taken from the petition and accepted as true for purposes of deciding respondents' motion to dismiss. *See Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

Woodworth was improperly attempting to coerce a settlement by threatening to audit the preceding tax years if they refused to agree to her proposed changes. (*Id*. at ¶ 16.) Similarly, they allege that Agent Woodworth used the IRS summons power "for an improper and illegitimate purpose and in a bad faith manner . . . in an attempt to pressure, harass, and coerce the Petitioner's into settling a collateral dispute." (*Id*. at ¶ 6.)

On April 29, 2016, the Tomczaks received both an Information Document Request ("IDR") and a notice of third-party summons from the IRS. (*Id*. at ¶ 25.) Under the terms of the IDR, the Tomczaks had two weeks to produce various paperwork and business records. (Pet. (dkt. #1) ¶ 25.) The notice indicated that a third-party summons had been served on the Tomczaks' bank, instructing it to give testimony and to present information to Agent Woodworth regarding the Tomczaks' savings account, checking account and loan records for examination. (Pet., Ex. 1 (dkt. #1-2) 5.)

By this point, the Tomczaks had retained counsel, who subsequently filed the pending petition to quash summons that initiated this action. In response, the government filed its motion to dismiss based on lack of personal and subject-matter jurisdiction, as well as insufficient process and service of process.

OPINION

I.     **Sovereign Immunity**

The government first argues in its motion that the Tomczaks' petition should be dismissed because the United States has not waived its sovereign immunity. (Resp'ts' Br.

3

(dkt. #2) 4.) The doctrine of sovereign immunity mandates that the United States is not subject to suit without its consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It is a well-established principle of law that consent is conveyed through congressional action, which "expressly and unequivocally" waives the government's sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Unless the government has waived its sovereign immunity, this court does not have subject-matter jurisdiction over the proceedings.[2] *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Of course, it is also true that 26 U.S.C. § 7609 *does* constitute a limited waiver of the United States' sovereign immunity. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) (affirming that § 7609 gave the petitioners a right to move to quash an IRS summons). In pertinent part, § 7609(b)(1) provides that "notwithstanding any other law or rule of law, any person who is entitled to receive notice of a summons [regarding an IRS action] under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604." Therefore, the Tomczaks argue, a person who is entitled to notice of a third-party summons may bring a proceeding to quash the summons in a U.S. district court, as they purport to be doing here. *See* 26 U.S.C. § 7609(b)(2).

---

[2] The government only raises its sovereign immunity challenge with respect to the United States as a defendant, given the limits of that doctrine. While respondents do raise an argument as to the proper party defendants in regards to Respondents IRS Commissioner Koskinen and Internal Revenue Agent Woodworth (Resp'ts' Br. (dkt. #2) 2 n.1), the court need not address this argument in light of its conclusion that the court lacks subject matter jurisdiction over this action.

4

In response, the government contends that the Tomczaks misstate their cause of action, since they are primarily attempting to challenge the IDR directed to them, rather than the third-party summons issued to their bank. (Resp'ts' Br. (dkt. #2) 1.) To the extent the Tomczaks' petition is seeking any relief from their obligation to respond to the IDR, the government is correct. The IDR is an administrative form, not a summons, and even if the Tomczaks *could* challenge the IDR, they would be precluded from doing so under 26 U.S.C. § 7609(c)(2)(A), which prevents taxpayers from challenging a "first-party" summons by disputing their own liability.

## II.   Service of Process

Still, the question remains whether the Tomczaks' petition could be construed as raising a challenge to the bank's summons. Here, the petition fails because the Tomczaks have not affected adequate service on all interested parties. In support of this argument, the government points to Federal Rule of Civil Procedure 4, asserting that the Tomczaks failed to serve the petition as required by Rule 4. (Resp'ts' Br. (dkt. #2) 7.) Rule 4(a) requires that the United States be served with a summons that is signed by the Clerk of the Court. Fed. R. Civ. P. 4(a). The government cites numerous cases to support this proposition, and indeed the paperwork that the Tomczaks received from the IRS informing them of their right to sue instructed them to comply with Rule 4. *See Gray v. United States*, No. 11–mc–00023, 2012 WL 12757, at *2 (D. Conn. Jan. 4, 2012); *Kwolek v. United States*, No. 11–mc–53, 2011 WL 1100077, at *1 (W.D. Pa. Mar. 24, 2011) (petition to quash an IRS summons requires a Fed. R. Civ. P. 4 summons); *Tuka v. United States*, No. 2:08–mc–206, 2008 WL 4372363, at *1 (W.D. Pa. Sept. 23, 2008); *Norfleet*

5

*v. United States*, No. 5:02–CV–57–BR, 2002 WL 1396494, at *2 (E.D.N.C. May, 22, 2002).

However, the determination that Rule 4 is controlling in proceedings to quash IRS summonses is not as well-established as the government contends. Indeed, a review of the decisions in our sister courts within the Seventh Circuit tells a different story. Several cases regarding similar situations instruct that only the procedures described in 26 U.S.C. § 7609(b)(2) -- and not Rule 4 -- control. *See Jones v. United States*, No. 03 C 2876, 2003 U.S. Dist. LEXIS 20854, at *4 (N.D. Ill. Sept. 26, 2003); *Vano v. United States*, 181 F. Supp. 2d 956, 959 (N.D. Ind. 2001); *Barmes v. United States*, No. 98–68–B–JPG, 1998 WL 918525, at *2 (S.D. Ill. Nov. 24, 1998).

Fortunately, the court need not weigh in on this issue, because the Tomczaks have failed to meet even the lower burden imposed by 26 U.S.C. § 7609(b)(2). When a waiver of the government's sovereign immunity is at issue, the terms of the statute that controls the waiver must be strictly construed. *See United States v. Sherwood*, 312 U.S. 584 (1941). Therefore, "compliance with 26 U.S.C. § 7609(b)(2) is a jurisdictional prerequisite to suit against the government." *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990). The statute mandates that:

> a person identified in a third-party summons may petition to quash the summons only when the petitioner has successfully completed the following three requirements: (1) filed the petition within twenty days after receiving statutory notice of the summons, (2) filed the petition in the appropriate district court, (3) mailed a copy of the petition to the summoned third party and to the appropriate IRS office within twenty days after filing of the petition.

*Lynn v. United States*, No. 1:13–mc–00132–WTL–MJD, 2014 WL 2106781, at *2 (S.D. Ind. Apr. 14, 2014) (discussing § 7609(b)(2)).  These terms must be complied with or else the government's immunity has not been waived, and the court lacks jurisdiction over the proceedings.  *Id*.

While the Tomczaks filed their petition within twenty days of receiving notice of the third-party summons, commenced their action in the appropriate district court, and mailed a copy of the petition to the appropriate IRS office within twenty days after the petition was filed, the record demonstrates that they failed to fully meet the third requirement of § 7609(b)(2) by also serving their bank with a copy of the petition.

Because the Tomczaks did not meet this statutory requirement, this court lacks jurisdiction over the dispute.  Therefore, the court cannot consider the merits of the Tomczaks' arguments that Agent Woodworth's actions constituted an abuse of the IRS summons power.[3]

ORDER

IT IS ORDERED that:

1) Respondent United States motion to dismiss for lack of subject matter jurisdiction (dkt. #2) is GRANTED.

2) Petitioners' petition to quash is dismissed.

---

[3] As the government notes, the Tomczaks may challenge the IRS's actions if a summons is issued personally to them in the event of an enforcement proceeding.  (Resp'ts' Br. (dkt. #2) 4.)

3) The clerk of court is directed to close this case.

Entered this 2nd day of December, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge